**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**JOAN CICCHIELLO,**

                Petitioner**,**

      v.                                 **Civil Action No. 5:22-CV-255**
                                                   Judge Bailey

**LOVETT,**

                Respondent.

**REPORT AND RECOMMENDATION**

## I.   INTRODUCTION

On October 25, 2022, Joan Cicchiello, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] (the "Petition").  The petitioner is a federal inmate housed at SFF Hazelton in Bruceton Mills, West Virginia, and is challenging conditions of confinement and the execution of her sentence.  This matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed.

## II.   BACKGROUND

As set forth in the petition, petitioner asserts that she was convicted and sentenced in the Middle District of Pennsylvania in two separate cases for healthcare fraud and perjury in 2018 and 2022 respectively.  Petitioner raises four grounds in her petition.  First, she alleges that her rights under the First and Eighth Amendments were violated when she was placed in the segregated housing unit and denied calls, recreation, and access

to the commissary. [Doc. 1 at 5].  Second, she alleges that she was subjected to cruel and unusual punishment: she alleges that despite her age and health issues, she was assigned a top bunk in a cell and was forced to sleep on the floor.  [Id. at 6].  She alleges that the next day, she was moved to a cell where she could have a bottom bunk, but where the toilet was broken and raw sewage constantly leaked onto the floor.  [Id.].  Third, petitioner alleges that the Federal Bureau of Prisons ("BOP") has unlawfully calculated her sentence and failed to apply her 2022 sentence concurrently with her 2018 sentence. [Id.].  Fourth, she alleges that the BOP has denied her credits she is due under the First Step Act. [Id. at 6-7].

## III. <u>STANDARD OF REVIEW</u>

### A.  Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.  Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See* ***Erickson v. Pardus***, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this

2

less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

## IV.   <u>APPLICABLE LAW</u>

### A. Exhaustion of Administrative remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997e(a).  "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.  Failure to exhaust may only be excused upon a showing of cause and prejudice."   *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634-35 (2d Cir.2001), *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981)).   Exhaustion as provided in  §  1997e(a) is  mandatory,  regardless  of  the  relief  offered  through administrative procedures.   *Booth v. Churner*, 532 U.S. 731, 741 (2001).   Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court.   *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 741).   "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  *Porter*, 534 U.S. at 524.

Pursuant to *McClung*, failure to exhaust may only be excused upon a showing of cause and prejudice.  As recognized in *Carmona*, *supra*, which was cited by the Fourth

Circuit in its opinion in **McClung**:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
>
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies. When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

**Carmona**, 243 F.3d at 634 (internal citations omitted).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). *See* 28 C.F.R. § 542.10, *et seq*. If the prisoner achieves no satisfaction informally, she must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, she may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, she may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response. An inmate is not deemed to have exhausted her administrative remedies until she has filed her complaint at all levels. 28 C.F.R. § 542.10-542.15; **Gibbs v. Bureau of Prison Office, FCI**, 986 F.Supp. 941, 943 (D.Md. 1997).

**B. Petitions under § 2241**

A section 2241 petition is used to attack the way the sentence is executed. *See* 28 U.S.C. § 2241. In a 2241 petition, a prisoner may seek relief from his parole,

computation of her sentence or disciplinary actions taken against her involving the loss of good conduct time. "[T]he Supreme Court [has] held that the writ of habeas corpus was the exclusive civil remedy for prisoners seeking release from custody." ***Glaus v. Anderson***, 408 F.3d 382, 286 (7th Cir. 2005).  Also, worth noting is that at the "heart of habeas corpus" petitions, the petitioner is challenging "the fact or duration of his physical confinement," or "seeking immediate release or speedier release from active confinement."  *See **Preiser v. Rodriguez***, 411 U.S. 475, 499-500 (1973). On the other hand, a ***Bivens*** action is used to hold federal officers "individually liable for constitutional violations." ***Starr v. Baca***, 625 F.3d 1202 (9th Cir. 2011). Even more generally, a ***Bivens*** action allows individuals to sue a federal actor because he or she violated a right guaranteed by the Constitution or a federal law.  *See **Bivens***, 403 U.S. at 392–94. Further, a ***Bivens*** action is the federal analog to suits brought against state officials under § 1983.  ***Hartman v. Moore***, 547 U.S. 25, 254 n.2 (2006).  *See **Preiser***, 411 U.S. at 499 ("a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody.").

## V.    ANALYSIS

Here, petitioner has failed to exhaust administrative remedies and the petition should be dismissed.  Petitioner concedes that she has not appealed her remedies to the regional director, but alleges that "I was denied a BP 10 – told as far as administration was concerned issue was addressed."  [Doc. 1 at 7].  A grievance process can be rendered unavailable if prison officials thwart inmates from taking advantage of it.  ***Ross v. Blake***, 578 U.S. 632, 644, (2016).  However, petitioner's claim here is contradicted by her own filings.  On October 11, 2022, petitioner received a rejection of her administrative

remedy at the institutional level related to her First Step Act and request for home confinement claims. The rejection indicates that she needs to provide more specific information in the BP-9 form and that she may resubmit the BP-9 within ten days. [Doc. 1-6 at 1]. Rather than resubmit the BP-9, petitioner filed the instant petition nine days later on October 20, 2022. *See* [Doc. 1 at 9]. Despite administrative remedies being available, petitioner has clearly failed to pursue administrative remedies regarding grounds three and four, and those grounds should be dismissed.

Although the status of administrative remedies as to grounds one and two are less clear, the undersigned notes that a petition under § 2241 is not the proper avenue to seek relief as to these grounds. Petitioner complains about the conditions of confinement, specifically asserting claims of cruel and unusual punishment, and success on the merits would not result in immediate or speedier release from her confinement with the BOP. Thus, the petitioner's claims should have been raised pursuant to a civil rights complaint. ***Preiser*** at 499–500 (a civil rights action is the proper remedy for a prisoner challenging the conditions of his prison life). *See also **Lee v. Winston***, 717 F.2d 888 (4th Cir. 1983). Because a petition for writ of habeas corpus pursuant to § 2241 is not the proper avenue in which to seek relief on these claims, grounds one and two of the petition should be dismissed.

## VI.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED** without prejudice.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written**

**objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour***, 889 F.2d 1363 (4th Cir. 1989); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

**DATED:** December 14, 2022.

*/s James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE